G-Reen, J.
delivered the opinion of the court.
In this case the judge below, among other things, told the jury, that “the act- of 1784 is hot repealed by the act of 1801, so that there is still a necessity for a bill of *282 sa^e‘” Although the act of 1784 is not repealed, nevertheless the succeeding sentence of the charge is too broad. A deed registered is. only necessary where possession does not accompany the gift-or sale. It has been constantly held, that where pt>|session is delivered at the time a gift or sale of a slave is<inade, it is good as between the parties, and vests a title Without a deed. 2 Hay. Rep. 62, 67, 87: Cains and wife vs. Marley, 1 Yerg. R. 582.
But from this charge it would seem the judge considered a bill of sale as necessary in all cases, in order to communicate title. In this he erred. The court further charged, that “a possession of three years by an infant, would not be an adverse possession, nor until the child arrived at twenty-one could be adverse.” In this also there is error. The possession of an infant either by himself or hi's guardian, may as well be adverse to all other titles, as though he were an adult. Infancy protects a party from the consequences of many of his acts; but no one else can take advantage of that infancy. As upon these two points the court erred, and as upon these subjects there was evidence before the jury, which by reason of the charge they were cut off from considering, this court is constrained to reverse the judgment, and remand the cause for another trial to be had therein.
Judgment reversed.